1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8             EASTERN DISTRICT OF CALIFORNIA

9                  ----oo0oo----

10  HEATHER MARIE EWING and MARK
    LEE EWING,
11                                       NO. CIV. S-05-2270 WBS GGH

             Plaintiffs,
12
                                         MEMORANDUM AND ORDER RE:
      v.                                 MOTION TO DISMISS
13

14  THE STATE OF CALIFORNIA BY AND
    THROUGH THEIR REPRESENTATIVES
15  IN THE DISTRICT ATTORNEY'S
    OFFICE OF THE COUNTY OF SAN
16  JOAQUIN; SAN JOAQUIN COUNTY;
    DISTRICT ATTORNEY JOHN D.
17  PHILLIPS; DEPUTY DISTRICT
    ATTORNEY LESTER F. FLEMING;
18  SAN JOAQUIN COUNTY SHERIFF'S
    DEPARTMENT; CITY OF STOCKTON;
19  STOCKTON POLICE DEPARTMENT;
    OFFICER STEVEN MICHAEL
20  PEPPARD, individually and in
    his capacity as a City of
21  Stockton Police Officer;
    OFFICER WILLIAM JEROME HUTTO,
22  individually and in his
    capacity as a City of Stockton
23  Police Officer; OFFICER JOHN
    J. REYES, individually and in
24  his capacity as a City of
    Stockton Police Officer;
25  OFFICER STEVEN W. CAPPS,
    individually and in his
26  capacity as a City of Stockton
    Police Officer; OFFICER TODD
27  KAMIGAKI, individually and
    in his capacity as a City of
28  Stockton Police Officer;

                     1

1  OFFICER McCARTHY, individually
   and in his capacity as a City
2  of Stockton Police Officer;
   OFFICER JOSE MARTINEZ,
3  individually and in his
   capacity as a City Of Stockton
4  Police Officer; OFFICER JULIE
   BARKETT, individually and in
5  her capacity as a City of
   Stockton Police Officer;
6  OFFICER GARY LEE PAUL NASELLO,
   individually and in his
7  capacity as a City of Stockton
   Police Officer; INVESTIGATOR
8  BERTOCCHINI, individually and
   in his capacity as an
9  investigator of the District
   Attorney of San Joaquin
10 County; OFFICER STEVEN ALDRED
   FLORES, individually and in
11 his capacity as a City
   of Stockton Police Officer,
12
              Defendants.
13

14                 ----oo0oo----

15         Plaintiffs Heather Marie Ewing and Mark Lee Ewing

16 allege four causes of action against defendants: (1) direct

17 violation of plaintiffs' constitutional rights, actionable under

18 42 U.S.C. § 1983, (2) violation of plaintiffs' constitutional

19 rights through a custom or policy, also actionable under 42

20 U.S.C. § 1983, (3) negligence, and (4) negligent supervision.

21 (Compl.)  Pursuant to Federal Rule of Civil Procedure 12(b)(6),

22 defendants San Joaquin County, San Joaquin County Sheriff's

23 Department, District Attorney John D. Phillips, Deputy District

24 Attorney Lester F. Fleming, and Investigator Vito Bertocchini now

25 move for dismissal of the federal and state claims against them.

26 I.   Factual and Procedural Background

27         On November 6, 2004, Mark Donahue died from a stab

28 wound sustained in an altercation that took place outside a bar

                              2

1    called Shakers in Stockton, California.  (Compl. ¶ 11.)  In

2    connection with this death, the authorities initially sought two

3    male members of the Jus Brothers motorcycle club in their 30's to

4    late 40's and a female companion.  (Id.)  Following a brief

5    investigation conducted along with the San Joaquin County

6    Sheriff's Department and District Attorney's Office, officers of

7    the Stockton Police Department arrested plaintiffs for Donahue's

8    murder on November 8, 2004.  (Id. ¶¶ 12, 15.)

9       Plaintiffs claim that throughout their detention,

10    defendants were presented with, and failed to investigate,

11    "significant, credible, and verifiable exculpatory evidence."

12    (Id. ¶¶ 15, 17.)  Specifically, plaintiffs point out that two

13    men, Robert Memory and Frank Prater, admitted to being involved

14    in the November 6th altercation with Donahue and voluntarily

15    surrendered themselves to the police on November 12, 2004.  (Id.

16    ¶ 17.)  They also allege that "Prater had previously, on November

17    10, 2004, attempted to surrender to the Police Department with

18    counsel, but the Police Department refused to arrest him stating

19    that they did not have an arrest warrant for him yet."  (Id.)

20    Plaintiffs, however, remained in custody with charges pending

21    against them until November 15, 2004.  (Id. ¶ 18.)

22       On January 31, 2006, defendants San Joaquin County, San

23    Joaquin County Sheriff's Department, Phillips, Fleming, and

24    Bertocchini moved to dismiss plaintiffs' complaint as to them for

25    failure to state a cognizable claim.  (Mem. of P. & A. in Supp.

26    of Defs.' Mot. to Dismiss 4.)  The parties subsequently agreed to

27    dismiss without prejudice plaintiffs' claims against the San

28    Joaquin County Sheriff's Department.  (Mar. 6, 2006 Dismissal by

1  Stipulation.)   Remaining before the court is defendants Phillips,

2  Fleming, and Bertocchini's ("the DA Defendants") motion, in which

3  they argue that plaintiffs fail to allege that the DA Defendants

4  did anything besides initiate and present the State's case, which

5  are protected activities for prosecutors.   (Mem. of P. & A. in

6  Supp. of Defs.' Mot. to Dismiss 10.)   Also still before the court

7  is defendant San Joaquin County's motion to dismiss.

8  II.  Discussion

9       A.   Legal Standard

10          On a motion to dismiss, the court must accept the

11  allegations in the complaint as true and draw all reasonable

12  inferences in favor of the pleader.  Scheuer v. Rhodes, 416 U.S.

13  232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972).  The court

14  may not consider material beyond the complaint, however, reliance

15  on matters of public record is allowed.  Mack v. S. Bay Beer

16  Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on

17  other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501

18  U.S. 104 (1991) (explaining that reliance on matters of public

19  record "does not convert a Rule 12(b)(6) motion to one for

20  summary judgment").  Dismissal is appropriate only when "it

21  appears beyond doubt that plaintiff can prove no set of facts in

22  support of his claim which would entitle him to relief."  Van

23  Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (emphasis

24  added); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

25       B.   Inspector Bertocchini

26          In support of their motion to dismiss, the DA

27  Defendants argue that they are entitled to either absolute or

28  qualified immunity for their actions and those taken by

4

1  Bertocchini, who allegedly assisted with efforts to gather facts
2  in support of the search warrant issued for plaintiffs' residence
3  and plaintiff Heather Ewing's person.  Prosecutors and their
4  investigators are only absolutely immune from suit for conduct
5  'intimately associated with the judicial phase of the criminal
6  process.'"  KRL v. Moore, 384 F.3d 1105, 1113 (9th Cir. 2004);
7  Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984) (quoting
8  Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  They are afforded
9  mere qualified immunity when performing investigatory or
10 administrative functions separate from their role as judicial
11 advocates.  Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003)
12 (citing Imbler, 424 U.S. at 430 and Buckley v. Fitzsimmons, 509
13 U.S. 259, 273 (1993)).  Significantly, the Supreme Court has
14 observed that "[a] prosecutor neither is, nor should consider
15 himself to be, an advocate before he has probable cause to have
16 anyone arrested."  Buckley, 509 U.S. at 274.

17         The allegations in plaintiffs' complaint and the
18 evidence plaintiffs submitted in support of their opposition to
19 defendants' motion suggest that Bertocchini contributed in some
20 manner to plaintiffs' arrest.  (Compl. ¶ 12; Pls.' Req. for
21 Judicial Notice Ex. A, 10 (search warrant and supporting
22 affidavit).)[1]  In providing supplementary and collaborative
23 information to police investigators, prior to any probable cause

24

25         [1]    The search warrant and supporting affidavit submitted
   by plaintiffs in opposition to this motion are public records
26 which the court can consider on a motion to dismiss.  People v.
   Jackson, 128 Cal. App. 4th 1009, 1022 (2005) (observing that
27 California law "provides that the documents and records in an
   executed search warrant 'shall be open to the public as a
28 judicial record'" (quoting Cal. Penal Code § 1534(a))).

1   determination, Bertocchini was not acting as an advocate for the
2   state in a judicial proceeding.  The judicial phase of the
3   criminal process was not even underway.  Consequently,
4   Bertocchini cannot claim absolute prosecutorial immunity for his
5   contributions to the Stockton Police Department's initial
6   investigation.  See Spivey v. Robertson, 197 F.3d 772, 776 (5th
7   Cir. 1999) (suggesting that prosecutors do not act as advocates
8   when they "manufacture[] evidence for the police to place in an
9   affidavit for probable cause").

10          This leaves the possibility of qualified immunity.
11  "Qualified immunity protects 'all but the plainly incompetent or
12  those who knowingly violate the law.'"  Lee v. Gregory, 363 F.3d
13  931, 934-35 (9th Cir. 2004) (quoting Malley v. Briggs, 475 U.S.
14  335, 341 (1986)).  In applying it, the court asks "(1) whether,
15  'taken in the light most favorable to the party asserting the
16  injury, the facts alleged show the officer's conduct violated a
17  constitutional right'; and, if a violation of a constitutional
18  right [can] indeed be found, (2) 'whether the right was clearly
19  established.'"  Sissoko v. Rocha, 412 F.3d 1021, 1038 (9th Cir.
20  2005) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

21          Plaintiffs allege that Bertocchini, by providing
22  misleading evidence to police investigators,[2] interfered with

23  _____

24          [2]   The court notes that plaintiffs' complaint simply
25  alleges that "employees of the District Attorney's Office [were]
    responsible in some manner and fashion for the Plaintiffs'
26  arrests and/or prolonged arrest and detention . . . ." (Compl. ¶
    12.)  Seeded throughout the complaint, however, are allegations
27  which, when read as a whole, further explain the basis for
    plaintiffs' claims.  Significantly, plaintiffs allege that their
28  arrests were based on insufficient evidence. (Id. ¶ 14.)  These
    allegations sufficiently provide defendants with "fair notice of

6

their constitutional right to a reliable determination of
probable cause before being arrested.  (Compl. ¶ 14, 18.)
Indeed, plaintiffs certainly have such a right.  Baker v.
McCollan, 443 U.S. 137, 142-43 (1979) ("By virtue of its
'incorporation' into the Fourteenth Amendment, the Fourth
Amendment requires the States to provide a fair and reliable
determination of probable cause as a condition for any
significant pretrial restraint of liberty." (citing Gerstein v.
Pugh, 420 U.S. 103, 125 (1975))).  Additionally, taking the facts
alleged in the complaint as true, the court cannot find beyond
doubt that plaintiffs can prove no facts to establish that
Bertocchini violated plaintiffs' constitutional rights by
tainting the probable cause determination for the search warrant,
the execution of which led to plaintiffs' arrests.  Consequently,
the court cannot at this time hold that Bertocchini's conduct did
not violate plaintiffs' constitutional rights.

        Likewise, the court cannot at this stage determine
whether it would have been "clear to a reasonable officer that
[Bertocchini's] conduct was unlawful in the situation
confronted."  Brosseau v. Haugen, 543 U.S. 194, 199 (2004).  The
full extent of Bertocchini's conduct has not yet been described
to the court and at the pleading stage, plaintiffs are not
required to provide a detailed account.  Morgan v. United States,

what the plaintiff[s'] claim is and the grounds upon which it
rests."  Conley v. Gibson, 355 U.S. 41, 47-48 (1957).  Moreover,
plaintiffs further explain in their opposition brief that they
believe that defendant Bertocchini maliciously provided police
investigators with misleading evidence that was later used to
support the search warrant.  (Pls.' Opp'n to Defs.' Mot. to
Dismiss 4.)

323 F.3d 776, 780 (9th Cir. 2003) (noting that courts do not apply a heightened pleading standard simply because the government asserts the defense of qualified immunity); see also Crawford-El v. Britton, 523 U.S. 574, 600 (1998) (observing that, even in cases where qualified immunity is at issue, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial"); McKenna v. Wright, 386 F.3d 432, 434 (2d Cir. 2004) ("[A] qualified immunity defense can be presented in a Rule 12(b)(6) motion, but . . . the defense faces a formidable hurdle when advanced on such a motion . . . ."). Bertocchini's contributions to the initial investigation, in which he undisputedly played some part, could violate clearly established federal law under some circumstances.  Consequently, the court cannot say that it is beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief and Bertocchini is not entitled to dismissal based on qualified immunity at this time.

C.   District Attorneys Phillips and Fleming

Plaintiffs appear to have two theories for the District Attorneys' § 1983 liability.  First, plaintiffs posit that when he went forward with plaintiffs' arraignment, Fleming knowingly, or at least recklessly, relied on the allegedly false and misleading evidence supplied by Bertocchini.  (Pls.' Opp'n to Defs.' Mot. to Dismiss 4.)  For such acts, which are "intimately associated with the judicial phase of the criminal process," Fleming is absolutely immune.  Imbler, 424 U.S. at 430; Burns v. Reed, 500 U.S. 478, 492 (1991) (holding that prosecutors are endowed with absolute immunity for pretrial court appearances "in

8

support of taking criminal action against a suspect", even if the prosecutor's presentation to the court was false and/or misleading); see also Morley v. Walker, 175 F.3d 756, 760 (9th Cir. 1999) (stating in dicta that a prosecutor is absolutely immune for "fail[ure] to dismiss the charges after learning new information").

Second, plaintiffs argue that the prosecutors can be held accountable for Bertocchini's actions, as he was merely acting pursuant to orders from Fleming and Phillips. (Pls.' Opp'n to Defs.' Mot. to Dismiss 4, 7.)   A supervisor cannot be held liable under § 1983 on a simple respondeat superior basis, absent a statute stating otherwise, and the parties have not addressed whether a relevant statute exists.   Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).   However, supervisory liability can attach "if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"[3]   Because the court has rejected

---

[3]     The court notes that supervisory liability is the only theory under which plaintiffs here can state a claim against the District Attorneys for Bertocchini's actions.   Plaintiffs cannot bring a Monell claim based on allegations that Bertocchini deprived plaintiffs of their constitutional rights pursuant to a policy or custom of the District Attorney's Office.   See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). Such claims are available only against local government entities and, as explained in part II.D, the California District Attorneys represent the state, not their local county, when performing investigative and prosecutorial functions.   See id. at 690 n.54 ("Our holding today is, of course, limited to local government units . . . ."); Weiner v. San Diego County, 210 F.3d 1025, 1030-31 (9th Cir. 2000); Walker v. County of Santa Clara, No. 04-02211, 2005 WL 2437037, at *4 (N.D. Cal. Sept. 30, 2005) ("[A] district attorney also represents the state when training and developing policies related to prosecuting violations of state

1  Bertocchini's request for immunity, it follows that Fleming and

2  Phillips likewise cannot be absolved of liability as his

3  supervisors at this early stage.  Jackson v. City of Bremerton,

4  268 F.3d 646, 653 (9th Cir. 2001) (holding that a supervisor can

5  only escape liability if plaintiff did not actually suffer a

6  constitutional injury at the hands of his subordinate).[4]

7        D.   San Joaquin County

8        In the March 6, 2006 stipulation, plaintiffs stressed

9  that their voluntary dismissal applied only to defendant San

10  Joaquin County Sheriff's Department.  The County, evidently,

11  still remains a defendant in this case and a party to this

12  motion.

13        Plaintiffs' § 1983 claim against the County appears to

14  be based on the fact that the "employees of the Sheriff's

15  Department and the District Attorney were employees of the County

16  of San Joaquin . . . ."  (Compl. ¶ 13.)  These "employees"

17  allegedly deprived plaintiffs of their constitutional rights

18  pursuant to a policy or custom of the County.  (Id. ¶¶ 28-29.)

19  As plaintiffs have dismissed the Sheriff's Department and do not

20  name any individual employees of the Department, the court

21  assumes that plaintiffs intend to maintain their claims against

22  the County based on its relationship with the District Attorney's

23

24  law.").

25        [4]   The DA Defendants did not brief whether plaintiffs have
   alleged cognizable state law claims for negligence and/or
26  negligent supervision against them.  These claims would not be
   covered by qualified immunity, because qualified immunity applies
27  only to the federal claims.  Foster v. McGrail, 844 F. Supp. 16,
   29 (D. Mass. 1994).  In the absence of arguments on this matter,
28  the court declines to consider whether plaintiffs have stated
   viable claims against the DA defendants.

10

1  Office.

2  However, plaintiffs' complaint misstates the

3  relationship between the San Joaquin District Attorney and San

4  Joaquin County.  The Ninth Circuit has held, based on a detailed

5  analysis of state law, that California District Attorneys,

6  despite being named for particular counties, are state officers

7  when investigating and prosecuting individuals in the name of the

8  people of the state.  Weiner, 210 F.3d at 1030-31 (observing that

9  California Government Code § 25303 "precludes a county from

10  obstructing 'the investigative and prosecutorial function of the

11  district attorney of a county'"); see also Pitts v. County of

12  Kern, 17 Cal. 4th 340, 364 (1998) (holding that "the functions

13  for which a prosecutor may obtain absolute, as opposed to

14  qualified, immunity [do not] parallel those for which a district

15  attorney represents the state, as opposed to the county").

16  Because the County did not have authority over the DA Defendants'

17  activities, as described in plaintiffs' complaint, plaintiffs

18  have failed to state a cognizable claim against the County.  See

19  Grech v. Clayton County, Ga., 335 F.3d 1326, 1330 (11th Cir.

20  2003) (holding that, to state a § 1983 claim against a local

21  governmental entity for an unconstitutional policy or custom, "a

22  plaintiff . . . must show that the local governmental entity,

23  here the county, has authority and responsibility over the

24  governmental function in issue").

25  III. Conclusion

26  While this motion was pending, plaintiffs voluntarily

27  dismissed defendant San Joaquin County Sheriff's Department and

28  opposed only defendants Phillips, Fleming, and Bertocchini's

11

arguments in support of their motion to dismiss.  As explained above, the court lacks sufficient facts to determine whether Bertocchini is immune from suit at this stage in the litigation. Phillips and Fleming, as Bertocchini's supervisors, likewise cannot be dismissed at this time.  However, because the remaining defendants are not subject to the control of the County, the County cannot be held liable under § 1983 for promulgating a policy or custom that violated plaintiffs' constitutional rights.

        IT IS THEREFORE ORDERED that

        (1) defendants Phillips, Fleming, and Bertocchini's motion to dismiss this action as to them be, and the same hereby is, DENIED.

        (2) defendant San Joaquin County's motion to dismiss plaintiffs' § 1983 claims as to it be, and the same hereby is, GRANTED.

        (3) pursuant to the parties' March 6, 2006 stipulation, this action is hereby dismissed as against defendant San Joaquin County Sheriff's Department without prejudice, each party to bear its own costs.

DATED:  March 24, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE