IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEATHER MARIE EWING, et al.,

    Plaintiffs,                    No. CIV S-05-2270 WBS GGH

    vs.

THE STATE OF CALIFORNIA, et al.,

    Defendants.              ORDER

_____/

        The parties submitted on December 12, 2006, a proposed stipulation and order regarding confidentiality and sealing of documents in this litigation.

        Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

        Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery, and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S. Ct. 2199 (1984). Id. at 33, 37, 104 S. Ct. at 2207, 2209.

1  court has great discretion to issue protective orders if discovery causes annoyance,

2  embarrassment, oppression, undue burden, or expense.  <u>B.R.S. Land Investors v. United States</u>,

3  596 F.2d 353, 356 (9th Cir. 1979).  Good cause, however, is required to obtain a protective order.

4  Fed. R. Civ. P. 26(c); <u>Foltz v State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir.

5  2003); <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the

6  public can gain access to litigation documents and information produced during discovery unless

7  the party opposing disclosure shows 'good cause' why a protective order is necessary").

8  "Good cause" to bar the public from litigation documents must be more than

9  mere desire.  The party seeking protection must show specific prejudice or harm, including, with

10  respect to individual documents, particular and specific need.  <u>Id.</u>; <u>San Jose Mercury News, Inc.</u>,

11  187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure

12  Before Trial</u> § 11:88.  "If a court finds particularized harm will result from disclosure of

13  information to the public, then it balances the public and private interests to decide whether a

14  protective order is necessary."  <u>Phillips</u>, 307 F.3d at 1211 (citing <u>Glenmade Trust Co. v.

15  Thompson</u>, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

16  Some proposed protective orders enable the parties to designate so much material

17  as "confidential" that, in essence, entire case filings are sealed.  The protective order submitted

18  by the parties has the same potential problem.  This court will not approve a protective order

19  giving blanket authority to the parties to designate what shall be filed under seal.

20  Accordingly, paragraph 9 of the proposed protective order is disapproved..  Any

21  further attempt to have the court seal documents shall contain a submission by the party

22  \\\\\

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1 attempting to have a particular document/filing submitted under seal which demonstrates good
2 cause for the document/filing sought to be sealed in whole or in part.
3        IT IS SO ORDERED.
4 DATED: 1/3/07        /s/ Gregory G. Hollows
5        UNITED STATES MAGISTRATE JUDGE
GGH:076
6 Ewing2270.po.wpd