RICHARD E. NOSKY, JR., City Attorney
State Bar No. 130726
SHELLEY L. GREEN, Deputy City Attorney
State Bar No. 161521
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333

Attorneys for City Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER MARIE EWING and MARK LEE EWING, <br><br> Plaintiffs, <br><br> vs. <br><br> THE STATE OF CALIFORNIA BY AND THROUGH THEIR REPRESENTATIVES IN THE DISTRICT ATTORNEY'S OFFICE OF THE COUNTY OF SAN JOAQUIN; et al., <br><br> Defendants. | CASE NO. 2:05-CV-02270-WBS-GGH <br><br> **STIPULATED PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns information, for purposes of this stipulation, kept in the personnel and internal affairs files of the defendant Stockton Police Department law enforcement personnel. It has been agreed

that the personnel records will be limited to the last ten years, except for Detectives Reyes and Hutto, whose records provided will date back to their date of hire with the City of Stockton. Internal Affairs Records are limited to the past five years unless any exist that have not been destroyed beyond that date.

By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis, both in law and in fact, for the designation within the meaning of Fed. R. Civ. P. 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from

material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   (a) A party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   (b) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   (c) Court reporter(s) employed in this action;

   (d) A witness at any deposition or other proceeding in this action; and

   (e) Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons when Confidential Material will be discussed.

7. The parties may further designate certain discovery material or testimony of a highly confidential nature as

"CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material") in the manner described in paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified person" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

    8.   Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

    ~~9.   If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only Material, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.~~ SEE SEPARATE ORDER.

    10.  In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such

4

STIPULATED PROTECTIVE ORDER

Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate Protective Order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Upon termination of this action, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof. *This paragraph does not pertain to documents in the court record.*

SO STIPULATED:

Dated: December 5, 2006

Richard E. Nosky, Jr. (SBN 130726)
Shelley L. Green (SBN 161521)
City Attorney's Office
425 N. El Dorado St., Second Floor
Stockton, California 95202
Telephone: (209) 937-8333

By: */s/ Shelley L. Green*
    Shelley L. Green

Attorneys for CITY DEFENDANTS

Dated: December 5, 2006

J. Mark Myles (SBN 200823)
Office of the County Counsel
County of San Joaquin
Courthouse – Room 711
222 East Weber Avenue
Stockton, California 95202
Telephone: (209) 468-2980

By: */s/ J. Mark Myles*
    J. Mark Myles

Attorneys for Defendants DISTRICT ATTORNEY JOHN D. PHILLIPS, DEPUTY DISTRICT ATTORNEYS LESTER F. FLEMING AND KEVIN MAYO and INVESTIGATOR BERTOCCHINI

///
///
///
///

6

```
Dated: December 8, 2006         Terry Gross (SBN 103878)
                                Adam C. Belsky (SBN 147800)
                                Monique Alonso (SBN 127078)
                                GROSS & BELSKY LLP
                                180 Montgomery Street, Suite 2200
                                San Francisco, California 94104
                                Telephone:  (415) 544-0200
                                Facsimile:  (415) 544-0201


                                By: /s/ Monique Alonso
                                    Monique Alonso

                                Attorneys for Plaintiffs
                                HEATHER and MARK EWING


     APPROVED AND SO ORDERED:


Dated: 1/3/07                   /s/ Gregory G. Hollows
                                _____
                                UNITED STATES MAGISTRATE JUDGE

Ewing.ord
```

1
2                              Attachment A

3                         NONDISCLOSURE AGREEMENT

4      I, _____, do solemnly swear that I am
5 fully familiar with the terms of the Stipulated Protective Order
6 entered in HEATHER EWING, et al. v. THE STATE OF CALIFORNIA, et
7 al., United States District Court, Eastern District, Case
8 No. 2:05-CV-00270-WBS-GGH and hereby agree to comply with and be
9 bound by the terms and conditions of said Order unless and until
10 modified by further Order of this Court.  I hereby consent to the
11 jurisdiction of said Court for purposes of enforcing this Order.
12 Dated: _____
13                                       _____
14
15
16
17
18
19
20
21
22
23
24
25
26
27