UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HEATHER MARIE EWING; MARK LEE EWING; KATELYN JOYNER EWING-MUNNERLYN, a minor by and through her father MARK LEE EWING; RACHEL MARIE EWING, a minor by and through her parents HEATHER MARIE EWING and MARK LEE EWING; and SAVANNAH JAILYN EWING, a minor by and through her parents HEATHER MARIE EWING and MARK LEE EWING,

    Plaintiffs,

  v.

CITY OF STOCKTON; DISTRICT ATTORNEY JOHN D. PHILLIPS; DEPUTY DISTRICT ATTORNEY LESTER F. FLEMING; OFFICER WILLIAM JEROME HUTTO, individually and in his capacity as a City of Stockton Police Officer; OFFICER STEVEN McCARTHY, individually and in his capacity as a City of Stockton Police Officer; OFFICER JOHN J. REYES, individually and in his capacity as a City of Stockton Police Officer,

    Defendants.

NO. CIV. S-05-2270 WBS GGH

ORDER RE: MOTION TO AMEND

1

----oo0oo----

Currently before the court is plaintiffs Heather Marie Ewing, Mark Lee Ewing, Katelyn Joyner Ewing-Munnerlyn, Rachel Marie Ewing, and Savannah Jailyn Ewing's motion to file a third amended complaint "to reflect the facts of this case as adduced through discovery, and to name defendant Lester F. Fleming, Jr. in the First Cause of Action." (Pls.' Mem. in Supp. of Mot. to Amend 2:5-6.)[1]

On February 8, 2008, this court granted in part and denied in part defendants' separate motions for summary judgment.[2] Ewing v. City of Stockton, No. 05-2270, 2008 WL 366156, at *32-33 (E.D. Cal. Feb. 8, 2008). With respect to plaintiffs' claims against defendant Fleming, the court granted his motions for summary judgment based primarily on a defense of absolute judicial immunity. Id. at *22-24, *31. As a result, Fleming is now dismissed from the case. In making this determination, the court appropriately considered the entirety of the presented evidence--including facts developed in discovery that plaintiffs contend would subject Fleming to liability on

---

[1] To avoid repetition, the court will refrain from reciting the entire factual and procedural background, which essentially remains the same as this court's February 8, 2008 Order. Ewing v. City of Stockton, No. 05-2270, 2008 WL 366156, at *1-5 (E.D. Cal. Feb. 8, 2008).

[2] Because plaintiffs' claims largely delineated their allegations against defendants City of Stockton, William Jerome Hutto, Steven McCarthy, and John J. Reyes ("city defendants") as distinct from their allegations against defendants Fleming and John D. Phillips ("district attorney defendants"), defendants filed separate motions for summary judgment in accordance with this distinction.

their first cause of action.[3]  See Fed. R. Civ. P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . .").

Because the evidence considered in the February 8, 2008 Order demonstrates the entire scope of Fleming's alleged role in the arrests of Mark and Heather Ewing on murder charges, the court has already substantively addressed the sum of plaintiffs' proposed amendment.[4]  (See Pls.' Mem. in Supp. of Mot. to Amend 2:6-7 (admitting that "[n]one of the proposed amendments raise new issues").)  Thus, allowing plaintiffs to revise their Second Amended Complaint absent a showing of new facts or legal theories not considered by the court in its prior Order would be futile. See Johnson v. Mammoth Recreations, 975 F.2d 604, 607 (9th Cir. 1992) ("[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is

---

[3] Plaintiffs' first cause of action--under 42 U.S.C. § 1983--in their Second Amended Complaint revolves around the city defendants' alleged procurement of an invalid warrant and the ensuing federal civil rights violations.  (Second Am. Compl. ¶¶ 42-46.)  In their proffered Third Amended Complaint, plaintiffs propose to add that "[a]s a result of the unconstitutional execution of the warrant, HEATHER and MARK suffered further violations to their constitutional rights in that they were subsequently arrested for murder by the [city] DEFENDANTS on the advice and direction of defendant FLEMING without probable cause . . . ."  (Alonso Decl. Ex. G (proposed Third Am. Compl. ¶ 45).)

[4] Plaintiffs filed this motion to amend on January 16, 2008--two months after defendants filed their motions for summary judgment and immediately prior to oral argument with respect to those motions.  Thus, plaintiffs' filing was made in apparent anticipation of either (1) the court's failure to consider the evidence developed during discovery or (2) the survival of plaintiffs' first cause of action with respect to Fleming.

3

1 <u>futile</u>, or creates undue delay.") (emphasis added);
2 <u>Schlacter-Jones v. Gen. Tel. of Cal.</u>, 936 F.2d 435, 443 (9th Cir.
3 1991) (district court properly denied plaintiff's motion to amend
4 the complaint--brought after defendant's motion for summary
5 judgment had been fully briefed--due to "futility" of the
6 proposed amended claims), <u>overruled on other grounds by</u> <u>Cramer v.</u>
7 <u>Consol. Freightways, Inc.</u>, 255 F.3d 683, 696 (9th Cir. 2001).
8    IT IS THEREFORE ORDERED that plaintiffs' motion to
9 amend their Second Amended Complaint be, and the same hereby is,
10 DENIED.
11 DATED:  February 26, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4