UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HEATHER MARIE EWING; MARK LEE EWING; KATELYN JOYNER EWING-MUNNERLYN, a minor by and through her father MARK LEE EWING; RACHEL MARIE EWING, a minor by and through her parents HEATHER MARIE EWING and MARK LEE EWING; and SAVANNAH JAILYN EWING, a minor by and through her parents HEATHER MARIE EWING and MARK LEE EWING,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF STOCKTON; DISTRICT ATTORNEY JOHN D. PHILLIPS; DEPUTY DISTRICT ATTORNEY LESTER F. FLEMING; OFFICER WILLIAM JEROME HUTTO, individually and in his capacity as a City of Stockton Police Officer; OFFICER STEVEN McCARTHY, individually and in his capacity as a City of Stockton Police Officer; and OFFICER JOHN J. REYES, individually and in his capacity as a City of Stockton Police Officer,<br><br>          Defendants.<br>_____/ | NO. CIV. 2:05-2270 WBS GGH<br><br>MEMORANDUM AND ORDER RE: SETTLEMENT OF MINORS' CLAIMS |

1

----oo0oo----

Plaintiffs Heather Marie Ewing and Mark Lee Ewing ("Ewing Parents") and their minor children Katelyn Joyner Ewing-Munnerlyn, Rachel Marie Ewing, and Savannah Jailyn Ewing ("Ewing Children") initiated this action under 42 U.S.C. § 1983 against defendants City of Stockton and police officers William Jerome Hutto, Steven McCarthy, and John J. Reyes ("City Defendants") and district attorneys John D. Phillips and Lester F. Fleming. Plaintiffs allege that defendants violated their constitutional rights throughout a series of events culminating in the arrest of the Ewing Parents on murder charges that were ultimately dropped. The Ewing Children allege that they were subjected to negligent treatment and excessive force by the SWAT Team during the November 8, 2004, raid and search of their home.

Although the court has not yet addressed the merits of the Ewing Children's claims, the court has addressed the merits of the Ewing Parents' claims in two prior orders, Ewing v. City of Stockton, No. Civ. 2:05-2270, 2008 WL 366156 (E.D. Cal. Feb. 8, 2009), rev'd in part, Ewing v. City of Stockton, 588 F.3d 1218 (9th Cir. 2009); Ewing v. City of Stockton, No. Civ. 2:05-2270, 2010 WL 3516351 (E.D. Cal. Sept. 2, 2010). Now, the Ewing Parents and Children have reached a settlement with the City Defendants and seek the court's approval of the settlement as to the Ewing Children.

The settlement reached with the City Defendants is in the amount of $550,000 and the proposed distribution and amounts attributable to the Ewing Children's claims and representation is

as follows:

- Payment of $26,000.00 to each of the Ewing Children, to be placed in a separate trust account designated for each child, as part of the total of $197,473.00 paid to plaintiffs under the settlement;
- Payment of $88,000.00 in attorneys' fees to plaintiffs' counsel Gross Belsky Alonso LLP ("GBA"), as part of the total of $220,000.00 in attorney's fees GBA will receive from the settlement;
- Reimbursement of $39,000.00 to GBA for costs incurred in prosecuting this matter on behalf of the Ewing Children, as part of the total of $97,527.00 in costs GBA will receive from the settlement;
- Payment of $14,000.00 to GBA, as part of the total of $35,000.00 GBA will receive from the settlement, to be held in reserve against future costs associated with GBA's continued representation of plaintiffs in their ongoing action against Fleming, with the understanding that any money remaining after resolution of plaintiffs' claims against Fleming and payment of outstanding expenses incurred by GBA will be returned to the Ewing Children in the amount of their percentage share, or 13.3 percent each.

"It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests." Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a

3

district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, --- F.3d ----, ----, 2011 WL 1136241, at *3 (9th Cir. 2011) (internal quotation marks omitted); see also E.D. Local R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise."). In reviewing a proposed settlement, district courts can consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 2011 WL 1136241, at *3.

Having reviewed the proposed settlement and the psychological evaluations of the Ewing Children from 2007 assessing the psychological injuries the children suffered as a result of the raid of their home and separation from their parents, the court concludes that the proposed settlement is fair and reasonable. In addition to the $26,000.00 that will placed in existing trusts for each child, Mark Ewing has represented that the $119,473.00 that will remain in the Ewing Parents' control will be used to "pay outstanding family bills and fund psychological treatment for the children." As the 2007 psychological evaluations indicate the need for the Ewing Children to receive treatment and express concern that they did not receive consistent treatment after the incident occurred in 2004, the court recognizes the importance of the children receiving proper treatment, albeit over seven years late.

///

4

1             IT IS THEREFORE ORDERED that the petition to approve
2   settlement of the Ewing Children's claims against the City
3   Defendants be, and the same hereby is, GRANTED.
4   DATED:  May 11, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE