UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HEATHER MARIE EWING; MARK LEE EWING; KATELYN JOYNER EWING-MUNNERLYN, a minor by and through her father MARK LEE EWING; RACHEL MARIE EWING, a minor by and through her parents HEATHER MARIE EWING and MARK LEE EWING; and SAVANNAH JAILYN EWING, a minor by and through her parents HEATHER MARIE EWING and MARK LEE EWING,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF STOCKTON; DISTRICT ATTORNEY JOHN D. PHILLIPS; DEPUTY DISTRICT ATTORNEY LESTER F. FLEMING; OFFICER WILLIAM JEROME HUTTO, individually and in his capacity as a City of Stockton Police Officer; OFFICER STEVEN McCARTHY, individually and in his capacity as a City of Stockton Police Officer; and OFFICER JOHN J. REYES, individually and in his capacity as a City of Stockton Police Officer,<br><br>        Defendants.<br>_____/ | NO. CIV. 2:05-2270 WBS GGH<br><br>MEMORANDUM AND ORDER RE: SETTLEMENT OF MINORS' CLAIMS WITH COUNTY DEFENDANTS |

1

----oo0oo----

Plaintiffs Heather Marie Ewing and Mark Lee Ewing ("Ewing Parents") and their minor children Katelyn Joyner Ewing-Munnerlyn, Rachel Marie Ewing, and Savannah Jailyn Ewing ("Ewing Children") initiated this action under 42 U.S.C. § 1983 against numerous defendants, including the City of Stockton and police officers William Jerome Hutto, Steven McCarthy, and John J. Reyes ("City Defendants") and San Joaquin County and district attorneys John D. Phillips and Lester F. Fleming ("County Defendants").  Plaintiffs allege that defendants violated their constitutional rights throughout a series of events culminating in the arrest of the Ewing Parents on murder charges that were ultimately dropped.  The Ewing Children allege that they were subjected to negligent treatment and excessive force by the SWAT Team during the November 8, 2004, raid and search of their home.

Although the court has not yet addressed the merits of the Ewing Children's claims, the court has addressed the merits of the Ewing Parents' claims in two prior summary judgment orders, Ewing v. City of Stockton, No. Civ. 2:05-2270, 2008 WL 366156 (E.D. Cal. Feb. 8, 2009), rev'd in part, Ewing v. City of Stockton, 588 F.3d 1218 (9th Cir. 2009); Ewing v. City of Stockton, No. Civ. 2:05-2270, 2010 WL 3516351 (E.D. Cal. Sept. 2, 2010).  Plaintiffs previously settled their claims against the City Defendants for a total of $550,000.00, with $26,000.00 placed in trusts for each of the Ewing Children.  The court previously approved that settlement as to the Ewing Children. (May 12, 2011 Order (Docket No. 149).)

With respect to the County Defendants, the court granted San Joaquin County's motion to dismiss, and San Joaquin County was dismissed from this case on March 24, 2006. (Mar. 24, 2006 Order at 10-11 (Docket No. 24).) The Ninth Circuit subsequently dismissed plaintiffs' claims against Phillips. Ewing, 588 F.3d at 1235-36. Thus, of the County Defendants, plaintiffs only have remaining claims against Fleming.[1] After engaging in mediation with a Ninth Circuit mediator and conducting continuing negotiations thereafter, the Ewing Parents and Children reached a settlement with the County Defendants and now seek the court's approval of the settlement as to the Ewing Children.

The settlement reached with the County Defendants is in the amount of $450,000.00 and the proposed distribution and amounts attributable to the Ewing Children's claims and representation is as follows:

- Payment of $10,000.00 to each of the Ewing Children, to be placed in the separate trust account designated for each child, as part of the total of $246,305.00 paid to plaintiffs under the settlement;
- Payment of $24,300.00 in attorneys' fees to plaintiffs' counsel Gross Belsky Alonso LLP ("GBA"), as part of the total of $202,500 in attorneys' fees GBA will receive from the settlement; and
- Reimbursement of $143.40 to GBA for costs incurred in

---

[1] Although plaintiffs only have remaining claims against Fleming, the settlement was reached with all of the County Defendants.

3

1 prosecuting this matter on behalf of the Ewing
2 Children, as part of the total of $1,195.00 in costs
3 GBA will receive from the settlement.

4 "It has long been established that the court in which a
5 minor's claims are being litigated has a duty to protect the
6 minor's interests." <u>Salmeron v. United States</u>, 724 F.2d 1357,
7 1363 (9th Cir. 1983). "In the context of proposed settlements in
8 suits involving minor plaintiffs, this special duty requires a
9 district court to conduct its own inquiry to determine whether
10 the settlement serves the best interests of the minor." <u>Robidoux
11 v. Rosengren</u>, --- F.3d ----, ----, 2011 WL 1136241, at *3 (9th
12 Cir. 2011) (internal quotation marks omitted); <u>see also</u> E.D.
13 Local R. 202(b) ("No claim by or against a minor or incompetent
14 person may be settled or compromised absent an order by the Court
15 approving the settlement or compromise."). In reviewing a
16 proposed settlement, district courts can consider "whether the
17 net amount distributed to each minor plaintiff in the settlement
18 is fair and reasonable, in light of the facts of the case, the
19 minor's specific claim, and recovery in similar cases."
20 <u>Robidoux</u>, 2011 WL 1136241, at *3.

21 Having reviewed the proposed settlement, the
22 circumstances giving rise to each of the plaintiff's claims, and
23 the psychological evaluations of the Ewing Children from 2007
24 assessing the psychological injuries the children suffered as a
25 result of the raid of their home and separation from their
26 parents, the court concludes that the proposed settlement is fair
27 and reasonable. In addition to the $10,000.00 that will be
28 placed in the existing trusts for each child, Mark Ewing has

4

represented that the $246,305.00 that will remain in the Ewing Parents' control will be used to fund psychological treatment for the children and purchase a new family home so that the family can move out of the home where the incidents giving rise to this lawsuit occurred.  As the court has previously noted, the 2007 psychological evaluations indicate the need for the Ewing Children to receive treatment and express concern that they did not receive consistent treatment after the incident occurred in 2004.  The court continues to believe that it is of paramount importance that the children receive proper treatment.

        IT IS THEREFORE ORDERED that the unopposed petition to approve settlement of the Ewing Children's claims against the County Defendants be, and the same hereby is, GRANTED.

DATED:  September 23, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5